UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMEL ROBINSON,

        Petitioner,

v.                                            Case No. 18-cv-438-pp

STEVEN R. JOHNSON,[1]

        Respondent.

---

**ORDER OVERRULING OBJECTION (DKT. NO. 9), ADOPTING JUDGE JONES'S REPORT AND RECOMMENDATION (DKT. NO. 8), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALBILITY**

---

On March 19, 2018, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2004 conviction in Milwaukee County Circuit Court. Dkt. No. 1. The clerk's office assigned the case to Magistrate Judge David E. Jones. On April 12, 2018, Judge Jones issued a report, recommending that this court dismiss the case. Dkt. No. 8. The petitioner filed a one-page objection on April 30, 2018. Dkt. No.

---

[1] When the petitioner filed in this court, he was in custody at the Milwaukee Secure Detention Facility. Dkt. No. 1. The warden was Ronald K. Malone, who left that job in the fall of 2018. According to the Wisconsin Department of Corrections, the current warden is Steven R. Johnson. https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/MilwaukeeSecureDetentionFacility.aspx. The court cannot tell whether the petitioner remains in custody; a search of the DOC's locator service indicates that no one by his name is in the custody of the DOC. In abundance of caution, the court has substituted the name of the current warden, as required by Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

9. The court will overrule the petitioner's objection, adopt Judge Jones's report and recommendation and dismiss the case.

I.  **Background**

    A.  Petition (Dkt. No. 1)

The March 19, 2018 petition explains that in 2004, the petitioner pled guilty to two crimes: party to a crime of forgery and party to a crime of burglary. Dkt. No. 1 at 2. He says that the judge imposed a sentence of two years' incarceration followed by five years of extended supervision. Id. He checked the box on the petition indicating that he did not appeal the judgment of conviction and did not seek review by the highest state court. Id. at 3. He also checked the box indicating that he had not filed any other state petitions, applications or other post-conviction motions of any kind. Id. at 4.

The petition alleged four grounds for *habeas* relief: (1) that the petitioner has changed his nationality to Moorish-American and therefore the courts of the state of Wisconsin no longer have jurisdiction over him; (2) that someone tampered with his supervised release file; (3) that his probation agent lied in order to revoke his supervised release in 2007; and (4) that his revocation was arbitrary and capricious because as of the date of the petition, he had not received a new probation agent. Id. at 7-9.

Two weeks after the court received the petition, the petitioner wrote Judge Jones a letter, stating in part that on March 22, 2018, an administrative law judge "ruled that there was no jurisdiction, due to my extended supervision being completed in 2014." Dkt. No. 6. He stated that his probation agent

2

produced "forged and falsified documentation" which he would present as further evidence in support of grounds two, three and four of his petition. Id.

B.    Report and Recommendation (Dkt. No. 8)

On April 12, 2018, Judge Jones issued his report, recommending that this court dismiss the petition. Dkt. No. 8. Judge Jones reviewed the petitioner's history in state court and observed that the petitioner was incarcerated at the Milwaukee Secure Detention Facility under a hold placed on him by the Wisconsin Department of Corrections. Id. at 2. Judge Jones reviewed the four grounds alleged in the *habeas* petition and informed the petitioner that at the Rule 4 stage, he generally checked (1) whether the petitioner had set forth cognizable constitutional or federal law claims; (2) whether the petitioner had exhausted his available state remedies and (3) whether the petition was timely filed. Id. at 2-3.

Judge Jones concluded that grounds one and three of the petition "[were] not cognizable federal habeas claims." Id. at 3. He found the petitioner's claim that the state of Wisconsin lacked jurisdiction over him as a Moorish American citizen to be "plainly frivolous." Id. at 3. He found the petitioner's claim that his rights had been violated eleven years ago did not establish an ongoing constitutional violation. Id. As for grounds two and four, Judge Jones remarked that the petitioner could potentially pursue federal *habeas* relief for a violation of his federal due process rights. Id. He wrote, however, that the petitioner had not exhausted his available remedies in state court on these claims. Id. He observed that the petitioner "concede[d] that he never appealed

3

his 2004 judgment of conviction" and that the petitioner's administrative action against his revocation hold did not satisfy the exhaustion requirement of 28 U.S.C. §2254. Id. at 3-4 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999)). Finally, Judge Jones remarked that the petition likely was untimely filed, given that the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 imposes a one-year limitation period on state prisoners seeking relief in federal court. Id. at 4 (citing 28 U.S.C. §2244(d)). He observed that the petitioner's judgment of conviction was dated in 2005. Id. He considered whether any of portion §2244(d)(1)(A)-(D) applied, ultimately concluding that

> [a]t first glance the recency of the custodial hold evokes § 2244(d)(1)(D). But the factual predicate of such a claim—[the petitioner's discharge from extended supervision]—allegedly happened in 2014. The Petition [sic] therefore is not timely under any of the circumstances contemplated in § 2244(d).

Id. at 4.

Judge Jones recommended that this court dismiss the petition and decline to issue a certificate of appealability. Id. at 5. He explained that the petitioner had fourteen days to file written objections to the recommendation. Id. at 6.

C. Objection (Dkt. No. 9)

The petitioner filed a one-page objection, dated April 25, 2018. The entire objection read:

> I do wish to appeal the Magistrate Judge ruling with all do [sic] respect. Reason being that I do have new and relevant information that was not present at the time of my filing the writ of habeas corpus. Please consider my appeal in this matter.

4

Dkt. No. 9. The court has not received any further filings from the petitioner since April of 2018.

**II.     Analysis**

   A.     Standard

The Federal Rules of Civil Procedure apply in *habeas* cases. Rule 12, Rules Governing Section 2254 Cases in the United States District Court. Rule 72(b)(1) allows a district court to refer a case to a magistrate judge, who then "conduct[s] the required proceedings," and "enter[s] a recommended disposition." Fed. R. Civ. P. 72(b)(1). A dissatisfied party has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made"). The petitioner must specify "each issue for which review is sought," but need not specify "the factual or legal basis of the objection." Johnson v. Zema Sys. Corp., 170 F.3d 734, 741 (7th Cir. 1999). The district court is required to conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Id. at 739. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Id. (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm

5

conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

B. Application

The petitioner did not make specific objections to Judge Jones's report and recommendation. He did not offer a rebuttal to Judge Jones's conclusion that grounds one and three did not state cognizable federal *habeas* claims, nor did he challenge Judge Jones's conclusions on exhaustion or timeliness. Without specific objections, the court reviews Judge Jones's recommendation for clear error. None of Judge Jones's conclusions were clearly erroneous. The petitioner's objection was only that he had new information that he did not have when he filed his petition. If that is true, the petitioner could have asked Judge Jones to allow him to amend his petition, but he did not. It is not clear how any information the petitioner may have obtained between March 19, 2018—the day he filed his petition—and April 30, 2018—the day he filed his objection—could impact the claims in his petition.

Even if the court reviewed Judge Jones's recommendation under a *de novo* standard, it would agree with Judge Jones's conclusions. Ground One of the petitioner's claim is not a basis for federal *habeas* relief; courts in the Seventh circuit have repeatedly rejected "lack of jurisdiction" arguments from parties alleging Moorish origin. See Bey v. State of Ind., 847 F.3d 559, 560 (7th Cir. 2017). The petitioner's third ground for relief alleges misconduct by his probation agent in 2007. The court agrees with Judge Jones that conduct from 2007 does not establish a continuing constitutional violation. As for grounds

6

Two and Four, the court notes (as Judge Jones did) that the petitioner admits that he did not appeal his conviction and admits that he did not pursue any post-conviction remedies. He hasn't explained the reference in his April 4, 2018 letter to an "administrative action" and the objection contains no evidence that he fulfilled the AEDPA's exhaustion requirement. See 28 U.S.C. §2254(b)(1)(A) (an application for writ of *habeas corpus* cannot be granted until the petitioner has exhausted "the remedies available in the courts of the State"). While the objection states that the petitioner possesses "new information" that he did not have at the time he filed his *habeas* petition, he has not filed any of that "new information" with the court.

The court will adopt Judge Jones's recommendation and dismiss the petition.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). Judge Jones recommended that this court decline to grant a certificate of appealability; this court accepts that recommendation. No reasonable jurist

7

could debate that the petitioner's claims for *habeas* relief under 28 U.S.C. §2254 should be denied.

IV. **Conclusion**

The court **OVERRULES** the petitioner's objection. Dkt. No. 9.

The court **ADOPTS** Judge Jones's report and recommendation in full. Dkt. No. 8.

The court **DENIES** the petition for writ of *habeas corpus*. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED.** The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 13th day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**